# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| BARBARA BROWN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:09-cv-150 |
| CITY OF FORT WAYNE, et al., | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court[1] on the fully-briefed motion *in limine* filed by the Defendants City of Fort Wayne and Fort Wayne Police Officers Teresa Smith, Thomas Strausborger, Jean Gigli, Brian Martin, Kimberly Seiss, Darrick Engelman, and Miguel Rivera (Docket # 69, 70, 79, 83); and the motion *in limine* filed by Plaintiff Barbara Brown (Docket # 77, 78), to which Defendants timely responded (Docket # 82). Brown failed to file a reply to her motion *in limine*, and the time to do so has now passed.

For the reasons provided, the parties' respective motions *in limine* will be GRANTED.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff Barbara Brown is suing the City of Fort Wayne and several of its police officers under 42 U.S.C. § 1983, claiming that the officers were needlessly destructive on January 23, 2008, when they executed a search warrant at a house she owns, and then took items not authorized under the warrant. She also alleges that she was arrested without probable cause for maintaining a common nuisance, which in turn led to an unlawful search of her vehicle and

---

[1] Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(c), all parties consenting.

purse. In addition, she argues that in the course of the search of the house and her car, some valuable personal property was taken and not returned.

After the Court granted in part Defendants' motion and supplemental motion for summary judgment, only the following claims remain for trial: a Fourth Amendment claim arising from the destructive search of Brown's house and the seizure of a fur coat and video games; a procedural due process claim concerning the fur coat, cell phones, and $6,000; an unlawful arrest claim against Officer Strausborger; a First Amendment retaliatory arrest claim; and an Indiana state law false arrest claim against Strausborger and the City of Fort Wayne. (Docket # 57.)

## II. NATURE OF AN ORDER *IN LIMINE*

"A motion in limine is a request for guidance by the court regarding an evidentiary question." *Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999) (citation omitted). "Federal district courts have the power to exclude evidence *in limine* pursuant to their authority to manage trials." *Dartey v. Ford Motor Co.*, 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000) (citation omitted).

"[A]s the term 'in limine' suggests, a court's decision on such evidence is preliminary in nature and subject to change." *Id.*; *see United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) (emphasizing that an order either granting or denying a motion *in limine* is "a preliminary decision . . . subject to change based upon the court's exposure to the evidence at trial"). Indeed, the Seventh Circuit Court of Appeals has noted that "a ruling [*in limine*] is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer." *Connelly*, 874 F.2d at 416 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

Thus, a ruling on a motion *in limine* is not necessarily the final determination on the admissibility of the evidence discussed in the motion. *See Wilson*, 182 F.3d at 570-71. Instead, an order on a motion *in limine* is essentially an advisory opinion, "merely speculative in effect." *Id.* (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)).

### III. BROWN'S MOTION *IN LIMINE*

#### A. Unopposed Portions of Brown's Motion in Limine *(Nos. 2-6)*

Defendants do not object to Brown's motion *in limine* concerning attorney's fees, settlement attempts, tax considerations, or "send a message" arguments. Consequently, Brown's motion is GRANTED as to these matters.

#### B. Narrative Reports, Supplemental Reports, and Incident Reports by Defendants or Other Law Enforcement Professionals (No. 1)

Brown also seeks to bar any narrative reports by Defendants or other law enforcement professionals, claiming they are biased, prejudicial, and constitute inadmissible hearsay. In response, Defendants contend that the reports are admissible under Federal Rules of Evidence 803(8) (public records and reports) and 803(5) (recorded recollection).

The reliability of police reports is "neither automatic nor presumed." *Downie v. Klincar*, 759 F. Supp. 425, 428 (N.D. Ill. 1991). "Police reports of any kind are 'inherently more subjective than laboratory reports of chemical tests, and . . . a police officer's description of events as he witnessed them lacks . . . objective certainty." *Id*. (citations omitted). "[T]hey may be demonstrably reliable evidence of the fact that an arrest was made, but they are significantly less reliable evidence of whether the allegations of criminal conduct they contain are true." *Id*. (citing *United States v. Bell*, 785 F.2d 640, 644 (8th Cir. 1986)). Indeed "such evidence is

3

'dripping with motivations to misrepresent' and accordingly lacks the trustworthiness necessary to qualify under the business records exception." *Id*. (citation omitted).

Presumably, the narrative reports may indeed be admissible, at least in part, under Rule 803(8) as public records and reports, although certain hearsay statements within the reports may need to be redacted. However, without having an opportunity to rule in the context of the trial, the admissibility of the documents and the prejudicial effect of the imbedded statements cannot be ascertained. Therefore, at this juncture, Brown's motion *in limine* is GRANTED. Counsel are directed to confer in an effort to reach a stipulation concerning suitable redactions. Moreover, until Defendants have laid a proper foundation, such narrative reports may not be read into evidence under Rule 803(5).

### C. Brown's Statements About Wanting to Harm or Kill Police Officers (No. 7)

Brown next seeks to exclude any testimony or evidence about comments she made to her mental health treatment provider after the January 23, 2008, incident concerning her desire to harm or kill police officers as a result of her experience. She contends that the admission of such comments would be highly inflammatory and prejudicial to her, and could mislead jurors into assuming that her arrest was justified.

Defendants, in response, argue that Brown has placed her psychological and emotional condition in issue and as a result, any comments that she may have made to a health care provider are relevant to the damages aspect of this case. As Defendants see it, Brown should not be permitted to "sanitize the medical records". (Defs.' Resp. to Pl.'s Mot. *in Limine* 7.)

Brown's argument is persuasive, as the relevancy of this evidence, if any, does not outweigh the risk that it will confuse and mislead the jury and unduly prejudice Brown. Fed. R. Evid. 403; *see Jones v. Cargill, Inc.*, 490 F. Supp. 2d 989, 993 (N.D. Iowa 2007) (excluding in a

4

race discrimination case plaintiff's statement that "[a]ll Canadians should be taken out and shot", finding that it was wholly irrelevant to the issues at trial and the jury might punish plaintiff for his animosity towards Canadians); *see generally McDole v. City of Saginaw*, No. 07-13697-BC, 2008 WL 5111866, at *4 (E.D. Mich. Dec. 3, 2008) (excluding plaintiff's mental health evaluation and diagnosis of post traumatic stress disorder because it was not relevant to his race discrimination claim and was unduly prejudicial in that it would cause the jury to sympathize with him and to make a decision based on emotion rather than whether he had established that his termination was motivated by race); *Torretto v. I.B. Diffusion, L.P.*, No. 92 C 2758, 1993 WL 410075, at *3 (N.D. Ill. Oct. 8, 1993) (excluding potentially inflammatory video tape where its probative value was substantially outweighed by its "tendency . . . to induce a decision based on emotion").

Consequently, Brown's motion *in limine* is GRANTED with respect to this evidence.

### D. Brown's Attempt to Personally Contact or Serve Papers on Defendants and the Contents of Such Papers (No. 8)

Finally, Brown seeks to preclude any testimony or evidence that in April 2011, and without informing her counsel, she attempted to personally serve papers (purportedly, some type of "proof of claims") on Defendants, and she also wants to exclude the contents of those papers. She argues that this evidence is irrelevant, prejudicial, and may confuse and distract the jury. Defendants, in response, conclusorily claim that the evidence is relevant to Brown's damages and in particular, her psychological and emotional condition, which she has placed in issue.

Defendants, however, fail to explain *how* Brown's service attempt is at all relevant to her damages, and its relevancy is not, at this juncture, apparent. As a result, the Court agrees with Brown that the relevancy of this evidence, if any, does not outweigh the risk that it will confuse

and mislead the jury and unduly prejudice her. *See* Fed. R. Evid. 403. Consequently, Brown's motion *in limine* is GRANTED with respect to the evidence.

## IV. DEFENDANTS' MOTION *IN LIMINE*

### A. *Unopposed Portions of Defendants' Motion* in Limine *(Nos. 3-7)*

Brown does not object to Defendants' motion *in limine* concerning any prior or subsequent incidents involving Defendants or other members of the Fort Wayne Police Department ("FWPD") where there was an accusation of using excessive force or an accusation of false arrest, the disciplinary records of Defendants or other members of the FWPD, attorney's fees, settlement attempts, or that a motion for partial summary judgment was filed and denied in part. Consequently, Defendants' motions will be GRANTED as to these matters.

### B. *The Dismissal of Brown's Criminal Charge (No. 1)*

Defendants also argue that the dismissal of the criminal charge against Brown is irrelevant to whether they had probable cause to arrest her and must therefore be excluded at trial. They contend that probable cause to arrest must be judged solely by analyzing whether the facts and circumstances available at the time of arrest warranted a reasonable officer in believing that the accused had committed a crime. Brown contends, however, that if Defendants are allowed to introduce evidence of her arrest but she is barred from showing that the charge was ultimately dismissed, a "conceptual void" will occur, leading to jury confusion. (Pl.'s Resp. to Defs.' Mots. *in Limine* 2.)

As Defendants correctly argue, the outcome of Brown's criminal case is not relevant to the issue of whether Defendants had probable cause to arrest her. "The relevant inquiry" in a probable cause analysis "is whether [the officer] acted objectively reasonable in light of the facts and law known to him at the time of . . . arrest–not upon subsequent legal analysis." *Forman v.*

*Richmond Police Dept.*, 104 F.3d 950, 962 (7th Cir. 1997); *see also Ochana v. Flores*, 347 F.3d 266, 272 (7th Cir. 2003) ("It was not an abuse of discretion for the court to grant the officers' motion *in limine* to bar . . . the disposition of the underlying criminal charges, because these were not facts within the officers' knowledge at the time of the arrest . . . ."); *Currier v. Baldridge*, 914 F.2d 993, 996 (7th Cir. 1990) ("[T]he mere fact that [plaintiff] was acquitted of the crime for which he was initially arrested does not lead to section 1983 liability for the arresting officer."). The disposition of Brown's criminal charge will therefore be excluded.

Moreover, the probative value of this evidence is substantially outweighed by its prejudicial effect, since the jury may equate a dismissal of the charge with a complete exoneration and therefore impermissibly determine that Defendants had no probable cause to make the arrest. Fed. R. Evid. 403. After all, the prosecutor's decision not to pursue the charge against Brown does not necessarily mean that she was innocent, and could simply mean that there was insufficient evidence to convict. In short, the tenuous relevancy of this evidence does not outweigh the risk that it will confuse and mislead the jury and unduly prejudice Defendants.

Accordingly, Defendants' motion *in limine* is GRANTED with respect to this evidence.

*C. Any Claim that Brown's Arrest Caused Medical or Psychological Problems (No. 2)*

Defendants seek to prevent lay testimony from Brown or her health care providers that the January 23, 2008, incident caused the purported medical conditions for which she sought treatment a year after the incident. Defendants argue that only experts can make the complex medical determinations necessary to uncover the causes of Brown's alleged conditions. *See, e.g.*, *Christmas v. City of Chicago*, 691 F. Supp. 2d 811, 821 (N.D. Ill. 2010). That avenue is closed, of course, because Brown never disclosed any expert witnesses under Federal Rule of Civil Procedure 26(a)(2), and the time to do so has since passed. *See* Fed. R. Civ. P. (a)(2)(D).

7

Thus, Brown is left with only lay witness testimony, and under Federal Rule of Evidence 701, a lay witness is limited to her "own perceptions, including the physical and emotional effects of the defendant[s'] alleged conduct." *Christmas*, 691 F. Supp. 2d at 821. She "cannot, however, offer medical opinions that require scientific, technical, or other specialized knowledge[;] . . . give any complex medical diagnoses[;] or opine on any long term medical conditions." *Id*. (citation and internal quotation marks omitted).

In that vein, Defendants concede that Brown may testify about her medical and emotional health both before and after the incident since this testimony would be based on her own perceptions. *See, e.g.*, *Starks-Harris v. Taylor*, No. 1:08-cv-176, 2009 WL 2970382, at *4 (N.D. Ind. 2009) (allowing plaintiff to testify about "how she personally felt, physically and mentally" because such testimony "is rationally based on her own perception"); *see generally Hendrickson v. Cooper*, 589 F.3d 887, 893 (7th Cir. 2009) (allowing plaintiff to describe pain resulting from attack where there is "no . . . complicated question of medical causation"); *United States v. Cravens,* 275 F.3d 637, 640 (7th Cir. 2001) (allowing lay opinion testimony to establish existence of drug or alcohol problem); *Asplundh Mfg. Div. v. Benton Harbor Eng'g*, 57 F.3d 1190, 1196-98 (3d. Cir. 1995) (recognizing lay testimony about health as "quintessential Rule 701 opinion testimony"); *Holleman v. Duckworth*, 700 F.2d 391, 395 (7th Cir. 1983) (permitting plaintiff's testimony about his own medical symptoms).

Defendants also acknowledge that Brown's health care providers may testify about the treatment they provided to her and their observations. "The fact that a witness has specialized knowledge does not preclude her from testifying pursuant to Rule 701, so long as the testimony is rationally based upon her 'first-hand knowledge or observation.'" *Duncan v. Fleetwood Motor Homes of Ind., Inc*., No. 1:06-CV-42, 2008 WL 2413170, at *2 (N.D. Ind. June 12, 2008).

8

However, "in the medical context, when testimony goes beyond the scope of treatment and the observations of the treating physician, it constitutes expert testimony." *Dereak v. Don Mattox Trucking, LLC*, No. 06-3123, 2007 WL 3231417, at *5 (C.D. Ill. Oct. 30, 2007).

Consequently, at this juncture, no witness shall be permitted to opine that the January 23, 2008, episode proximately caused Brown's alleged mental and physical health problems. *Cravens*, 275 F.3d at 641 ("Although a lay person may readily observe a [health] problem, the *causation* of a mental disease or defect is a more technical medical determination such that a court would find expert testimony particularly useful to its ultimate decision." (emphasis in original)). Brown can only lay the groundwork for the jury to infer causation by testifying about her present health conditions and whether they appeared prior to the incident, *Hendrickson*, 589 F.3d at 892-93 (plaintiff may describe the altercation and any ensuing pain or suffering he experienced at that time), and by calling her health care providers to testify about their observations and the treatment they provided to her.

Accordingly, Defendants' motion with respect to evidence or testimony addressing the causation of Brown's alleged health conditions is GRANTED.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's motion *in limine* (Docket # 77) and Defendants' motion *in limine* (Docket # 69) are each GRANTED.

It is therefore ORDERED that counsel, those acting on behalf of the parties, and any witnesses shall not refer to the matters excluded pursuant to this Opinion and Order, either directly or indirectly, during voir dire, opening statements, interrogation of witnesses, objection, arguments, closing statements, or otherwise, without first obtaining permission of the Court outside the presence or hearing of the jury. Counsel are further ORDERED to warn and caution

each and every one of their witnesses to strictly follow these instructions.

SO ORDERED.

Enter for the 11th day of July, 2011.

S/Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge