UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BARBARA BROWN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:09-cv-150 |
| | ) |
| CITY OF FORT WAYNE, et al., | ) |
| | ) |
|     Defendants. | ) |

**OPINION AND ORDER**

Before the Court are two motions to withdraw filed on August 3, 2011, by Plaintiff Barbara Brown's counsel of record, Christopher Myers and Ilene Smith of the law firm of Christopher C. Myers & Associates. (Docket # 88, 89.) For the following reasons, Attorney Myers's and Attorney Smith's requests will be DENIED.

"It is well settled that the discretion to grant or deny an attorney's motion to withdraw in a case such as this lies with the district court." *Barbee v. L. Fish Furniture Co.*, No. 1:05-cv-00550, 2006 WL 3201938, at *1 (S.D. Ind. May 4, 2006) (citing *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982)). Indiana Rule of Professional Conduct 1.16 sets forth various bases upon which an attorney of record may withdraw his or her representation of a party, including simply that "good cause for withdrawal exists." Nevertheless, "[w]hen ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." Ind. Rule of Professional Conduct 1.16(c). "When an attorney seeks to withdraw from a case and no substitute counsel have appeared, the court must consider the interests not only of the counsel but also the client, the other parties, and the court."

*Burns v. Gen. Motors Corp.*, No. 1:06-cv-499, 2007 WL 4438622, at *1 (S.D. Ind. Nov. 30, 2007)*; see also Fiscus v. Silgan Plastics Corp.*, No. 1:05-cv-0157, 2005 WL 1528232, at *1 (S.D. Ind. June 28, 2005).

Here, Attorney Myers and Attorney Smith represent that a "conflict of interest" and an "irretrievable breakdown" has occurred in their relationship with Brown, necessitating their withdrawal from the case. They point to a letter Brown filed on July 18, 2011, in which she alleges that Attorney Myers has repeatedly threatened to withdraw from her case and is not working toward her best interests. (Docket # 85.) She makes no such allegations concerning Attorney Smith. Brown further purports that she has no trust in Attorney Myers (again, no mention of Attorney Smith) and that his alleged "manipulations/threats" have been "unbearable."[1]

The Court, however, "has a responsibility to mitigate the effects on other parties and the court of any breakdown in what might otherwise be a private relationship between plaintiff and [her] attorney." *Burns*, 2007 WL 4438622, at *2. This case stands in contrast to other cases where the Court has allowed counsel to withdraw, such as granting motions to withdraw before counsel must respond to a dispositive motion. Here, this case is over two years old and within eight weeks of trial. (Docket # 1, 65.) Moreover, within those two years, extensive discovery occurred, followed by an exhaustive dispositive motion practice and a 48-page Opinion that left significant claims for trial. (Docket # 57.) A final pretrial conference was then held, and a final pretrial order was entered. (Docket # 63, 64.) Later, the parties filed and extensively briefed

---

[1] Nevertheless, several days *after* she had received a letter from Attorney Myers and Attorney Smith notifying her of their intent to withdraw, Brown sent a letter to Smith requesting that she appeal a recent Court ruling. (Docket # 86.) Thus, despite filing her July 18th letter advancing complaints, Brown apparently does not consent to, nor desire, the termination of Attorney Myers's and Attorney Smith's representation.

motions *in limine*, and the Court recently ruled on them. (Docket # 84.)  Now, the Court and counsel are nearly on the eve of trial, and final jury instructions—in a case involving multiple claims and parties—are soon due. (Docket # 65, 66.)

"Rule 1.16(d) of the Rules of Professional Conduct requires withdrawing counsel to protect the client's interests by 'allowing time for employment of other counsel.'" *Burns*, 2007 WL 4438622, at *2.  "This would not be possible here." *Id*. (denying motion to withdraw filed six weeks before trial).  "Granting the motion to withdraw would delay the trial and inevitably impose substantial costs on [D]efendant[s]." *Id*.

Indeed, "[t]oo often, a plaintiff's attorney will seek to withdraw from a weak case, leaving the case like an orphan on the court's and the opponent's doorstep." *Id*.  "The court and the opponent are thus left the task of educating the *pro se* party about applicable law and procedure, and often about the weaknesses in [her] case." *Id*.  "Typically, such education should be the responsibility of that party's original lawyer." *Id*.; *see also Fiscus*, 2005 WL 1528232, at *1.  "An attorney who agrees to represent a client in a court proceeding assumes a responsibility to the court as well as to the client." *Fiscus*, 2005 WL 1528232, at *1.

Therefore, for the foregoing reasons, the motions to withdraw filed by Attorney Myers and Attorney Smith (Docket # 88, 89) are DENIED.

SO ORDERED.

Entered this 4th day of August, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge